UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNQORK INC., <br><br>                  Plaintiff, <br><br>        v. <br><br> ANIMO SERVICES LLC d/b/a GLORIFI., <br><br>                  Defendant. | 1:22-CV-07762-AKH |

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
OF ITS MOTION TO DISMISS THE COMPLAINT**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 2

ARGUMENT ......................................................................................................................... 2

    I.    THIS COURT LACKS SUBJECT-MATTER JURISDICTION ........................... 2

CONCLUSION ..................................................................................................................... 4

EVIDENCE

    Declaration of Tanya Wallace, Esq., dated October 6, 2022

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alvarez & Marshal Glob. Forensic & Dispute Servs., LLC v. Cohen-Cole*,
   14-CV-290, 2014 U.S. Dist. LEXIS 21574
   (S.D.N.Y. Feb. 19, 2014) ...................................................................................................... 3

*Bartfield v. Murphy*,
   578 F. Supp. 2d 638 (S.D.N.Y. 2008) .................................................................................... 3

*Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*,
   692 F.3d 42 (2d Cir. 2012) ...................................................................................................... 3

*Cosgrove v. Bartolotta*,
   150 F.3d 729 (7th Cir. 1998) .................................................................................................. 3

*E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*,
   160 F.3d 925 (2d Cir. 1998) .................................................................................................... 2

*Handelsman v. Bedford Vill. Assocs. Ltd. Pshp.*,
   213 F.3d 48 (2d Cir. 2000) ................................................................................................. 2, 3

*Local 538 United Bhd. of Carpenters and Joiners of America v. United States*
   *Fid. & Guar. Co.*,
   154 F.3d 52 (2d Cir. 1998) ...................................................................................................... 2

*SBL Enters. LLC v. Keystone Capital Corp.*,
   1:21-cv-4459, 2021 U.S. Dist. LEXIS 95255
   (S.D.N.Y. May 19, 2021) ....................................................................................................... 3

*Strawbridge v. Curtiss*,
   7 U.S. 267 (1806) .................................................................................................................... 2

*Tovar v. Indiana*,
   11-CV-776, 2011 U.S. Dist. LEXIS 130093
   (S.D.N.Y. Nov. 8, 2011) ......................................................................................................... 3

*Universal Licensing Corp. v. Paola del Lungo S.p.A.*,
   293 F.3d 579 (2d Cir. 2002) .................................................................................................... 3

**Statutes and Rules**

Fed. R. Civ. P. 12(b)(1) ................................................................................................................. 2

Defendant Animo Services LLC[1] ("Animo" or "Defendant"), submits this memorandum of law in support of its motion to dismiss the Complaint (Doc. No. 1) in its entirety (the "Motion") pursuant to Fed. R. Civ. P. 12(b)(1).

## PRELIMINARY STATEMENT

The Complaint must be dismissed, because this Court lacks subject-matter jurisdiction. Plaintiff Unqork Inc. ("Unqork") alleges that this Court may exercise subject-matter jurisdiction based solely on diversity of citizenship. Animo is a limited liability company, and therefore takes the citizenship of its member(s). The sole owner/member of Animo is a Delaware corporation. Plaintiff Unqork is also a Delaware corporation. Therefore, Unqork cannot establish diversity of citizenship and this action must be dismissed.

## ARGUMENT

### I.

### THIS COURT LACKS SUBJECT-MATTER JURISDICTION

"The party seeking to invoke the diversity jurisdiction of the court bears the burden of demonstrating that the requirements for jurisdiction have been satisfied." *Local 538 United Bhd. of Carpenters and Joiners of America v. United States Fid. & Guar. Co.*, 154 F.3d 52, 54 (2d Cir. 1998) (citation omitted). "Diversity jurisdiction requires that 'all of the adverse parties in a suit . . . be completely diverse with regard to citizenship.'" *Handelsman v. Bedford Vill. Assocs. Ltd. Pshp.*, 213 F.3d 48, 51 (2d Cir. 2000); *see also E.R. Squibb & Sons, Inc. v. Accident & Cas. Ins. Co.*, 160 F.3d 925, 930 (2d Cir. 1998) (holding "complete diversity" "must" exist for purposes of diversity jurisdiction) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806)).

---

[1] Animo denies that it is doing business as "Glorifi" as indicated in the caption.

2

"For purposes of diversity jurisdiction, an LLC has the citizenship of each of its members."  *Alvarez & Marshal Glob. Forensic & Dispute Servs., LLC v. Cohen-Cole*, 14-CV-290, 2014 U.S. Dist. LEXIS 21574, at *2 (S.D.N.Y. Feb. 19, 2014) (citing *Handelsman v. Bedford Vill. Associates Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000)); *Bartfield v. Murphy*, 578 F. Supp. 2d 638, 650 (S.D.N.Y. 2008); *see also Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) ("[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members.").

Unqork is a "corporation organized under the laws of Delaware. . . ."  Cplt. (Doc. No. 1), ¶ 15.  Therefore, Unqork is a Delaware citizen.  *See Bayerische Landesbank v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012) (A corporation, for diversity purposes, "is considered a citizen of the state in which it is incorporated. . . .").

The sole member and owner of Animo is With Purpose Inc., which is also a corporation organized under the laws of Delaware.  *See* Declaration of Tanya Wallace, dated October 6, 2022 ("Wallace Decl."), ¶ 2.  Because With Purpose Inc. is a Delaware citizen, Animo is also a Delaware citizen.  *See, e.g., Bayerische Landesbank, N.Y. Branch*, 692 F.3d 42, 49 (2d Cir. 2012) ("a limited liability company [ ] takes the citizenship of each of its members").

Unqork cannot establish diversity of citizenship, because Unqork and Animo are both Delaware citizens.  Accordingly, this action must be dismissed.  *See, e.g., Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) (affirming dismissal for lack of diversity); *SBL Enters. LLC v. Keystone Capital Corp.*, 21-cv-4459, 2021 U.S. Dist. LEXIS 95255, at *4 (S.D.N.Y. May 19, 2021) ("An LLC is completely diverse from opposing parties only if all of the members of the LLC are citizens of different states than all opposing parties."); *Tovar v. Indiana*, 11-CV-776, 2011 U.S. Dist. LEXIS 130093, at *7 (S.D.N.Y. Nov. 8, 2011)

(dismissing complaint for lack of subject matter jurisdiction because complete diversity of citizenship is lacking).

## CONCLUSION

Based on the foregoing, Animo respectfully requests that the Court grant this Motion to dismiss the Complaint in its entirety, together with such other and further relief as this Court deems just and proper.

Dated:   October 7, 2022
         New York, New York

                                                HAYNES AND BOONE, LLP
*Attorneys for Animo Services LLC*

By: s/Richard D. Rochford/
    Richard D. Rochford
    Joseph Lawlor
    30 Rockefeller Plaza, 26th Floor
    New York, New York 10112
    Telephone: (212) 659-4984
    richard.rochford@haynesboone.com
    joseph.lawlor@haynesboone.com